**UNITED STATES of America, Plaintiff,**

v.

**Alice Burke BUNDY, Defendant.**

**Crim. A. No. 3–83–00076.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 6, 1983.

On Motion for Reduction of Sentence
Dec. 1, 1983.

On Motion for Disclosure of
Confidential Report Dec. 16, 1983.

On Motion for Extension of Time
to Appeal Jan. 3, 1984.

Wendy Hildreth, Asst. U.S. Atty., Nashville, Tenn., for plaintiff.

Paula Godsey, Asst. Public Defender, Nashville, Tenn., for defendant.

## MEMORANDUM AND ORDER

NEESE, Senior District Judge, Sitting by Designation.

The defendant Ms. Alice Burke Bundy moved timely for a reduction in her sentence. Rule 35(b), F.R.Crim.P. In support of such motion, Ms. Bundy represents that, during her brief period of incarceration, her health has deteriorated markedly and suggests that she has not received (and will not be able to receive) adequate medical treatment.

Undoubtedly, the prospect that a defendant will, or will not, receive adequate medical treatment during a period of incarceration is a factor for the Court to consider when ruling upon a motion for a reduction in sentence. *See United States v. Wiese,* 539 F.Supp. 1208 (W.D.N.Y.1982). It hereby is

ORDERED that a probation officer of this district investigate the claims of Ms. Bundy [1] and report (confidentially) to the Court any results thereof. Such report should include (to the extent possible) the opinions of the appropriate medical authorities as to whether Ms. Bundy will be able

---

1. The clerk will forward to the probation officer copies of the defendant's motion (including the exhibits attached thereto) and the memorandum submitted in support thereof.

to receive adequate medical treatment during her incarceration.[2] Pending the Court's receipt and consideration of such report, the motion will remain under advisement.

## ON MOTION FOR REDUCTION OF SENTENCE

■ The defendant Mrs. Alice Burke Bundy moved for a reduction of sentence herein, Rule 35(b), F.R.Crim.P., on the ground that, during its service, she is not receiving adequate medical-care for her arthritic condition and may not be expected to receive it in the future. She made the Court aware during the sentencing proceedings herein of such condition, and the Court does not grant ordinarily a motion for a reduced-sentence when the ground advanced therefor was considered when the sentence was fixed, *United States v. Ellenbogen*, 390 F.2d 537, 543[14] (2d Cir.1968); however, Mrs. Bundy claimed a significant worsening of that condition *post*-incarceration.

■ The sentence imposed upon Mrs. Bundy was the least-severe deemed conformable to the ends of such judgment as preceived by the Court. *Cf. United States v. King*, 442 F.Supp. 1244, 1248 (D.C.N.Y. 1978). She asserts that she needs more care than she is being given in her worsening condition; if so, she is being subjected to a greater and different punishment for the offense she committed than that to which other prisoners, not being denied medical-care for such condition, are subjected. *Truax v. Corrigan*, 257 U.S. 312, 332–333, 42 S.Ct. 124, 129[12], 66 L.Ed. 254 (1921) (The guaranty of equal protection of the law is aimed at, *inter alia*, deliberate discrimination and the oppression of inequality).

■ Consequently, a probation officer of this District investigated the quality of medical-care available and being rendered to Mrs. Bundy and the availability of more-intensive care as her condition progresses.

*See* memorandum and order herein of October 6, 1983. The plaintiff is obliged to provide medical-care for those whom it is punishing by incarceration, and a denial of that care may result in the unnecessary infliction of pain and suffering—thus, enhanced punishment. *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290–291[6, 7], [8], 50 L.Ed.2d 251 (1976), *reh. den.*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977).

■ Mrs. Bundy's custodians had an obvious duty to see that the sentence imposed upon Mrs. Bundy did, and does, not become one of either excessive cruelty or death because of their failure to attend to her reasonable medical-needs when, because of her loss of liberty, she cannot attend to them herself. *United States v. King, supra*, 442 F.Supp. at 1248. This Court hereby FINDS from the report of such investigation that Mrs. Bundy's reasonable needs have been met.

■ The bureau of prisons is expected to have facilities and services suited for persons suffering from the illness and disability from which Mrs. Bundy suffers and will suffer. *Id.*, 442 F.Supp. at 1247–1248. Such report indicates satisfactorily that such services are available and such facilities are in place, and this Court so FINDS.

■ The goal of the Court, in imposing sentence upon Mrs. Bundy, was the prevention of crime on the part of those entrusted with the funds of others because of their trust-relationships to their respective employers. This overriding goal of general deterrence and the marking of the gravity of the particular offense committed by Mrs. Bundy would be disserved markedly if her sentence were reduced merely because her physical-condition had deteriorated since she commenced its service.

For all such reasons, her motion for a reduction of sentence hereby is

DENIED.

2. To the extent the defendant or the prosecution has any information deemed helpful to the Court, such should be delivered to the probation officer.

## ON MOTION FOR DISCLOSURE OF CONFIDENTIAL REPORT

The motion of the defendant for disclosure of the confidential report prepared at the request of the Court, *see* memorandum and order herein of October 6, 1983, hereby is

■ DENIED. The disclosure provision of Rule 32(c)(3), F.R.Crim.P., upon which the defendant relies, " * * * applies only to disclosure of a *pre* sentence [emphasis provided] report at the sentencing of a defendant * * *," *United States v. Jones*, 490 F.2d 207, 208[1] (6th Cir.1974), *cert. den.* 416 U.S. 989, 94 S.Ct. 2397, 40 L.Ed.2d 768 (1974); neither that rule, nor its rationale, has any application to a *post* sentence report utilized in connection with a motion for the reduction of a sentence already imposed.

## ON MOTION FOR EXTENSION OF TIME TO APPEAL

■ Citing Rule 4(b), F.R.App.P., the defendant moved the Court to extend the time within which she must file her notice of appeal herein. Under that Rule, the Court may grant such an extension " * * * [u]pon a showing of excusable neglect * " * which means that " * * * the movant must allege and show 'excusable neglect' for failure to timely file his [or her] appeal. * * " *Levisa Stone Corporation v. Elkhorn Stone Company*, 411 F.2d 1208, 1210[3] (6th Cir.1969), *cert. den.*, 397 U.S. 925, 90 S.Ct. 913, 25 L.Ed.2d 104 (1969).

■ Since the movant neither alleged nor made any effort to show such excusable neglect, the Court is powerless to grant her motion. Accordingly, the motion hereby is

DENIED, but without prejudice to its renewal should the defendant desire to claim and show the existence of excusable neglect.

---

* Unlike Rule 4(a)(5), F.R.App.P., which relates to appeals in civil actions, Rule 4(b), *supra,* does not authorize the extension merely upon a showing of "good cause".