865 F.2d 1330
 275 U.S.App.D.C. 231
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Anne Henderson POLLARD, Appellant.
 No. 88-3003.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before STARR, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order filed December 16, 1987, denying the defendant's motion to reduce sentence, be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold the issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 It is well established that a Rule 35 motion, Fed.R.Crim.P., is addressed to the trial judge's discretion. Denial of a Rule 35 motion is, accordingly, reversible only when the underlying sentence itself is illegal or when the trial court's refusal to reduce the otherwise lawful sentence constitutes a gross abuse of discretion. See United States v. Distasio, 820 F.2d 20 (1st Cir.1987). In the instant case, there is no such illegality or abuse of discretion.
 
 
 5
 Pollard's allegations of delay in obtaining the experimental drug, Domperidone, and "callous" treatment by the FCI Lexington medical staff are unsupported by the record. Indeed, the record reveals that the medical staff has regularly sought, and readily accepted, the advice of the various attending physicians and specialists chosen by Pollard.[1] See Appellant's Appendix at 113-17. Moreover, prison officials have sought authorization for Domperidone. We cannot, in reason, fault the government for pursuing a cautious approach in obtaining a non-approved FDA drug.
 
 
 6
 Additionally, Pollard has been examined twice by a University of Kentucky gastroenterologist, and Bureau of Prisons officials made and executed arrangements for Pollard's transfer to Rochester, Minnesota so she could be examined by an expert in biliary dyskinesia at the Mayo Clinic. See Appellant's Reply Brief at 3 n. 3.
 
 
 7
 Although we are not unmindful of the seriousness of her medical condition, it is clear, based on a thorough review of this record, that Pollard's medical care has been responsible and adequate. Moreover, we note that Pollard's medical condition existed long before her confinement and was brought to the attention of the district court who took it into account at the time of sentencing. Therefore, the district court did not abuse its discretion in denying the motion to reduce sentence.[2]
 
 
 8
 Finally, Pollard contends that the district court abused its discretion in denying her motion without a hearing. This argument is without merit. As the government observes, whether to hear testimony or arguments on a motion to reduce sentence is discretionary. See United States v. Kadota, 757 F.2d 198 (8th Cir.), cert. denied, 474 U.S. 839 (1985); 3 Wright, Federal Practice and Procedure: Criminal 2d Sec. 586 at 405 (1982). Nor is this a situation where the record is devoid of sufficient information upon which a court could reach a sound judgment regarding mitigation. See Jones v. United States, 327 F.2d 867 (D.C.Cir.1963) (en banc). Consequently, the district court did not abuse its discretion in denying the motion without a hearing. Accordingly, the district court's order is affirmed.
 
 
 
 [1]
 This is true except for one brief respite when responsibility for treatment was transferred to another physician. See Appellant's Appendix at 83-90. After this one month period, Dr. Krasner reassumed responsibility for Pollard's medical care
 
 
 [2]
 We find it unnecessary to decide Pollard's constitutional claim since it is reasonable to conclude that no abuse of discretion occurred when the district court found that Pollard has received and continues to receive adequate medical care
 Additionally, Pollard's claim that her sentence is far more severe than merely the loss of liberty for five years is unsupported by the record. Given Pollard's medical condition prior to sentencing and the continuation of prescribed medical treatment while incarcerated, we do not find her punishment to have been more severe than the loss of liberty. See United States v. Bundy, 587 F.Supp. 95 (M.D.Ten.1983); United States v. King, 442 F.Supp. at 1248-49 ("the court concludes that the Government need not promise or guarantee equal resources so long as it appears reasonably probable, as it does, that there will be adequate resources"). Therefore, the district court did not abuse its discretion.