**PENNSYLVANIA URBAN DEVELOP-
MENT CORPORATION**

v.

**Stewart GOLEN and Hancock
Waste Removal, Inc.**

**Civ. A. No. 88–4020.**

United States District Court,
E.D. Pennsylvania.

March 17, 1989.

David G. Mandelbaum, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Pennsylvania Urban Development Corp.

Claire Rocco, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa., for Mark Golen.

Albert J. Slap, John A. Moore, Mitchell A. Kramer, Mitchell A. Kramer & Associates, Philadelphia, Pa., for Hancock Waste Removal Inc., et al.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Plaintiff Pennsylvania Urban Development Corporation (PUDC) seeks reconsideration of the Memorandum and Order dated November 18, 1988 granting summary judgment to defendants Stewart Golen and Hancock Waste Removal, Inc. and denying plaintiff PUDC's motion for partial summary judgment. In the motion for reconsideration, PUDC requests that this court: (1) declare Hancock liable to PUDC for all response costs incurred by PUDC consistent with the National Contingency Plan in connection with the investigation and cleanup of PCBs at the site; (2) declare that all necessary and reasonable costs incurred by PUDC in removing soil containing detectable concentrations of PCBs from the site are in compliance with the United States Environmental Protection Agency's PCB Spill Cleanup Policy, 40 C.F.R. §§ 761.120 to 761.135 (1987); (3) all costs of investigations into the nature and extent of PCB contamination at the site already incurred by PUDC are consistent with the National Contingency Plan; and (4) declare Stewart Golen to be jointly and severally liable with Hancock if PUDC can show that Stewart Golen is an "operator" of a "facility" on the site within the meaning of 42 U.S.C. § 9607(a)(1) or (2).

PUDC seeks reconsideration on the two following grounds: first, PUDC acquired legal title to the property located at 404–444 Brown Street, Philadelphia, Pennsylvania on November 7, 1988 (hereinafter referred to as "site") and as owner of the property falls within the category of "covered persons" set forth in 42 U.S.C.

§ 9607(a); second, PUDC has standing to assert a cost recovery action pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, et seq., because *Artesian Water Co. v. New Castle County*, 659 F.Supp. 1269 (D.Del. 1987) does not require a CERCLA plaintiff to be a "covered person" within the meaning of 42 U.S.C. § 9607(a)(1).

## BACKGROUND

The complaint in this matter was filed on May 19, 1988.[1] Oral argument was held on October 14, 1988. At the conclusion of the oral argument, I permitted the parties leave to supplement the motions for summary judgment. I specifically suggested that the plaintiff submit to the court any agreement in place regarding the conveyance of ownership of the property. PUDC filed a supplemental reply memorandum arguing that the agreement in principle dated August 24, 1988 entered into between PUDC and Mark Golen established that PUDC gained an equitable interest in the property. As plaintiff provided evidence only of the agreement in principle dated August 24, 1988, this court entered a Memorandum Opinion and Order on November 18, 1988 granting defendants' motion for summary judgment and thereby entering judgment against plaintiff, in part, on the grounds that PUDC had failed to establish an equitable interest in the property.

## DISCUSSION

A principal case relied upon by PUDC is *Artesian Water Co. v. Government of New Castle County*, 659 F.Supp. 1269 (D.Del.1987) *aff'd*, 851 F.2d 643 (3d Cir. 1988). Therefore, I will address plaintiff's arguments for reconsideration of this court's application of *Artesian*. As plaintiff points out in its motion for reconsideration, the defendant in *Artesian* was New

1. PUDC was seeking in the complaint, among other things, declaratory relief that PUDC is an

equitable interest holder in the site.

Castle County (the County). 659 F.Supp. at 1274. The *Artesian* court stated:

In the instant case Artesian's prima facie claim for cost recovery under section 107(a)(4)(B) consists of the following elements:

(1) The County must fall within one of the four categories of 'covered persons.' CERCLA § 107(a), 42 U.S.C. § 9607(a).

(2) There must have been a release or a threatened release of hazardous substances from the Site. *Id.* § 107(a)(4), 42 U.S.C. § 9607(a)(4); *see id.* §§ 101(14), (22), 42 U.S.C. §§ 9601(14), (22).

(3) The release or threatened release must have caused Artesian to incur costs. *Id.* § 107(a)(4), 42 U.S.C. § 9607(a)(4).

(4) Artesian's costs must be necessary costs of response. *Id.* § 107(a)(4)(B) 42 U.S.C. § 9607(a)(4)(B); *see id.* §§ 101(23)–(25), 42 U.S.C. §§ 9601(23)–(25).

(5) Artesian's response actions must be consistent with the National Contingency Plan. *Id.* § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B).

*Artesian,* 659 F.Supp. at 1278–79 (footnote omitted). In *Artesian,* plaintiff Artesian Water Company sought to recover costs it claimed it incurred or would incur as a result of a release or threatened release of hazardous substances from a landfill owned by defendant New Castle County. 659 F.Supp. at 1274. With regard to the requisite showing of causation the court stated:

CERCLA's strict liability scheme does not diminish the necessity of demonstrating a causal connection between a release or threatened release and the incurrence of costs by a section 107 plaintiff.... Artesian must therefore show that it incurred costs as a result of the release or threatened release of hazardous substances from the Site.

659 F.Supp. at 1282 (citations omitted) (footnote omitted). The defendant in *Artesian* challenged the existence of causation on two grounds. One of those grounds

was that the plaintiff Artesian Water Company allegedly did not have a *protectable interest* in withdrawing more than 2.0 MGD of water from the Llangollen Wellfield. *Id.* The court held that the release or threatened release of contaminants from the Site caused Artesian to incur costs because (1) the release or threatened release of hazardous substances from the Site was the cause in fact of Artesian's costs; and (2) Artesian had a protectable interest in withdrawing more than 2.0 MGD from the Llangolen Wellfield. *See* 659 F.Supp. at 1282–85.

Applying the analytic framework set forth in *Artesian* to the instant matter I do not find that PUDC has met its burden of demonstrating that the costs of investigation by PUDC were caused by the release or threat of a release from the site. This conclusion is supported by the fact that at the time that PUDC undertook the costs of investigation it had no protectable interest whatsoever in the property that was the subject of the investigation. Plaintiff alleges in this motion for reconsideration that on November 7, 1988 PUDC gained legal title to the property pursuant to a settlement agreement entered into between PUDC and Mark Golen. The court never received notice of the settlement of the agreement dated November 7, 1988 until PUDC raised this argument in the instant motion for reconsideration. In any event, PUDC's acquisition of an interest in the property occurred at least one year *after* PUDC incurred the costs of the pre-purchase environmental evaluation.

PUDC argues because it had incurred response costs consistent with the National Contingency Plan, 42 U.S.C. § 9607(a)(4)(B), PUDC had standing to bring the recovery cost action at the time the complaint was filed. Yet, in the cases cited by PUDC in support of this contention the plaintiffs had a property interest in the land or property that was the subject of the recovery costs. *See e.g., Cadillac Fairview/California, Inc. v. Dow Chemical Co.,* 840 F.2d 691, 692–93 (9th Cir.1988) (plaintiff was owner of the contaminated site); *Piccolini v. Simon's Wrecking,* 686

F.Supp. 1063, 1065–68 (M.D.Pa.1988) (plaintiffs, as owners of property located adjacent to the contaminated site, alleged recovery costs incurred in an attempt to repair and monitor physical damage to their own property allegedly caused by the release of hazardous substances from defendants' landfill); *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 889 (9th Cir.1986) (plaintiff purchased contaminated parcel from defendant thereby becoming an owner of the site and leased an additional contaminated parcel).

Because I must conclude that the alleged release or threatened release was not the cause of PUDC's alleged recovery costs I do not reach the merits of plaintiff's assertion that a release or threatened release actually existed.

### ORDER

AND NOW, this 16th day of March, 1989, upon consideration of plaintiff, Pennsylvania Urban Development Corporation's motion for reconsideration, and the defendants, Stewart Golen and Hancock Waste Removal, Inc.'s response, and plaintiff's reply thereto, for the reasons set forth in the foregoing Memorandum, it is ORDERED that the plaintiff's motion for reconsideration is DENIED.