940 F.2d 653
position
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John G. SIMKUS, Jr., Plaintiff-Appellant,
v.
Robert GRANGER, M.D., Medical Director, Maryland
Penitentiary, James N. Rollins, Warden,
Commissioner of Corrections, Maryland
Division of Correction,
Defendants-Appellees.
 No. 91-6303.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 12, 1991.
Decided July 30, 1991.
As Amended Oct. 23, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-90-2674-R)
 John G. Simkus, Jr., appellant pro se.
 Philip Melton Andrews, Kevin Francis Arthur, Kramon & Graham, P.A., Timothy James Paulus, Assistant Attorney General, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before PHILLIPS, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maryland inmate John George Simkus, Jr. appeals the district court's award of summary judgment to defendants in this 42 U.S.C. Sec. 1983 action in which Simkus claimed deliberate indifference to a serious medical need. The Commissioner of Correction and Warden Rollins were dismissed because the court determined that Simkus could not recover against them under a theory of supervisory liability. The court found that Dr. Granger also was not liable to Simkus, characterizing this case as one involving mere disagreement between the physician and prisoner over the treatment provided. While we affirm the dismissal of Warden Rollins and the Commissioner, we vacate the award of summary judgment to Dr. Granger and remand for a jury trial on the question of deliberate indifference to a serious medical need.
 
 
 2
 Simkus stated that he suffered from painful and bleeding hemorrhoids which developed in 1986. Medical records reveal that a surgeon who evaluated Simkus in 1986 recommended a hemorrhoidectomy, which was approved in January 1987 by the former warden at the Maryland Penitentiary. However, the operation never took place. A second surgeon who evaluated Simkus in the spring of 1989 recommended surgery if Simkus' symptoms persisted. Over time, Simkus' symptoms became more and more pronounced, with episodes of uncontrolled, heavy bleeding, and excruciating pain. Affidavits filed by two correctional officials and two inmates substantiated Simkus' claims of profuse bleeding and pain. Additionally, after defecation, Simkus reported the occasional presence of a mass of tissue which he was able to push back into his rectum.
 
 
 3
 Simkus was seen for complaints of hemorrhoids on a more and more frequent basis. Medical personnel acknowledged the presence of internal and external hemorrhoids, but claimed that their examinations never revealed any signs of bleeding. Simkus was treated with sitz baths, suppositories, ointment, and pain pills which, according to Simkus, had little effect. In an attempt to obtain some relief for the recurring problem, Simkus wrote to the Commissioner on December 28, 1989, documenting his symptoms and the treatment he had received. The Commissioner immediately wrote to the regional administrator and to Dr. Granger, requesting an evaluation and appropriate corrective action. Attached to the letters was a copy of Simkus' letter to the Commissioner. Dr. Granger replied that Simkus' condition was being treated.
 
 
 4
 The Commissioner requested a reassessment of Simkus' condition in May 1990. The Commissioner, in a memorandum to Dr. Granger, noted that surgery had been recommended in 1989 if Simkus continued to exhibit symptoms of hemorrhoids. The Commissioner further informed Dr. Granger that Simkus had experienced pain and bleeding since at least 1987 and that discussions with Simkus' work supervisor revealed that at least twice the supervisor had sent Simkus to the infirmary because of concerns about bleeding. In response, Dr. Granger stated that Simkus was scheduled for a sigmoidoscopy and barium enema, even though, according to him, no medical examiner had been able to substantiate any rectal bleeding.
 
 
 5
 By September 1990, Simkus still had not received the tests because of his concerns over housing arrangements that such tests would necessitate. Simkus wrote another letter to the Commissioner on September 3, complaining that nothing of substance had been done for him despite his many appearances at sick call and his bleeding so much that blood ran down his legs. Later that month, Simkus began manifesting a rapid heart beat and a shortness of breath. He also appeared pale. A physician's assistant who examined him on September 24 ordered a complete blood count. The tests revealed anemia. Simkus was hospitalized at University Hospital the next day, and he received four blood transfusions between September 26 and 27. He underwent a hemorrhoidectomy on October 5, 1990, to remove three of five internal hemorrhoids. The remaining hemorrhoids were removed later.
 
 
 6
 In order to state an eighth amendment claim for inadequate medical care, there must have been deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A medical need is serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (quoting Laaman v. Helgemoe, 437 F.Supp. 269, 311 (D.N.H.1977)). See also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir.1987), cert. denied, 486 U.S. 1006 (1988).
 
 
 7
 Courts use a totality of the circumstances test to decide if there was deliberate indifference to a serious medical need. Parrish v. Johnson, 800 F.2d 600, 606 (6th Cir.1986). In Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990), this Court recently wrote:
 
 
 8
 To establish that a health care provider's actions constitute deliberate indifference ..., the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.... Deliberate indifference may be demonstrated by either actual intent or reckless disregard.... A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position.... Nevertheless, mere negligence or malpractice does not violate the eighth amendment.
 
 
 9
 Id. at 852. The fact that an inmate has received some care for his condition does not preclude recovery under the eighth amendment. See Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir.1989); Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986); Miranda v. Munoz, 770 F.2d 255, 259 (1st Cir.1985).
 
 
 10
 Viewing the facts of this case in the light most favorable to Simkus, as we must on summary judgment, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986), we conclude that there was a genuine issue of material fact as to whether Dr. Granger exhibited deliberate indifference to what was an established serious medical need. Simkus' condition was diagnosed and treated on an ongoing basis; it thus was serious under Estelle. See Henderson v. Harris, 672 F.Supp. 1054, 1059 (N.D.Ill.1987). Admittedly, Simkus was repeatedly examined and treated for his condition. However, in the face of at least two recommendations of surgery, Simkus' many complaints of uncontrollable, profuse bleeding and excruciating pain, which were substantiated by correctional officers and other inmates, and the continuation of a course of therapy which was alleged to have had little effect and therefore contributed to ongoing pain and bleeding, it is certainly questionable whether the line between deliberate indifference, on the one hand, and acceptable treatment, mere negligence, or malpractice, on the other, was crossed. That is a question for a jury to decide on remand. Appointment of counsel on remand is warranted under Whisenant v. Yuam, 739 F.2d 160 (4th Cir.1984).
 
 
 11
 We affirm the dismissal of the Commissioner and Warden Rollins. Under Miltier v. Beorn, 896 F.2d 848, the case does not present facts warranting the extension of supervisory liability to either of these defendants.
 
 
 12
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 13
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.